**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-mj-00067-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DUSTIN LEE LEEVER,

    Defendant.

## ORDER OF DETENTION

THIS MATTER came before the Court for a preliminary and detention hearing on April 14, 2021. The government is requesting detention in this case. The defendant contested detention. The government called a witness and both sides offered argument beyond the contents of the bail report. At the conclusion of the hearing, I found probable cause existed. In making my findings of fact herein on the issue of detention, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of

any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

>(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person including–
>
>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>>(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: The defendant is charged with traveling interstate with the intent to harm, harass, injure or kill an intimate partner. In a video chat he is alleged to have held a gun to his head and said he would kill police. He is known to possess firearms and has threatened to kill others and commit a mass shooting. He has three prior domestic assault convictions. He has used an alias name and has failed to appear on five occasions. Based on these facts, I find that there are no conditions or combination of conditions that I can impose to assure the defendant's presence or the safety of the community. Accordingly,

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: April 14, 2021                               BY THE COURT:

                                                    s/ Scott T. Varholak
                                                    United States Magistrate Judge