IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 21-cr-137-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **DUSTIN LEE LEEVER**,

    Defendant.

---

### ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR 90-DAY ENDS OF JUSTICE CONTINUANCE AND EXTENSION OF PRETRIAL MOTIONS DEADLINE

---

This matter is before the Court on the Defendant's Unopposed Motion for 90-Day Ends of Justice Continuance and Extension of Pretrial Motions Deadlines (the "Motion"). (ECF No. 20).  The Defendant's Motion requests a 90-day ends of justice continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and for a continuance of the trial date and deadline to file motions.  For the following reasons, the Motion is GRANTED.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).  It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act

excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

. . . .

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such

> that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). The Court has discharged these duties.

The Defendant's Motion is unopposed, and therefore, the averments of fact in the Motion have been confessed by the Government. Thus, those foundational and predicate facts are deemed established, and the Court need not reiterate them here. The Defendant's Motion describes the various factors that he believes necessitate the

exclusion of an additional 90 days in this case, and the Court adopts and incorporates those facts herein.

The Defendant has been charged by Indictment with Cyberstalking and Interstate Stalking. The Government provided initial discovery to defense counsel on May 5, 2021. Counsel reviewed the initial discovery and sent it to the Defendant for his review. On May 18, 2021, the Government provided additional discovery, including cell phone records. Defense counsel began reviewing that discovery and has sent it to the Defendant, however counsel has not been able to discuss the discovery with the Defendant.

Defense counsel needs additional time to 1) carefully review the numerous cell phone records that have been provided through discovery, 2) evaluate, analyze, and research any potential suppression issues, 3) investigate potential defenses, 4) interview non-law enforcement witnesses, many of whom live out-of-state, 5) request potentially mitigating records, and 6) consult with the Government about a possible resolution of the case short of trial. These tasks cannot be completed by the current deadlines and trial date.

In order to adequately prepare this case for trial, counsel has requested and the Court finds, that 90 days should be excluded from the Speedy Trial Act for these purposes.

The Court has relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order. Additionally, the Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings

in *Bloate v. United States*, 559 U.S. 196 (2010); *United States v. Larson*, 627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i); and

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) An additional 90 days should be excluded from the computation of the speedy trial time; and

(4) Therefore, the ends of justice served by granting the motion outweighs the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1) Defendant's Unopposed Motion for 90-Day Ends of Justice Continuance and Extension of Pretrial Motions Deadlines (ECF No. 20) is GRANTED;

(2) **All days from today, to and including August 22, 2021 shall be excluded from the Speedy Trial Clock**;

(3) The current Trial and Final Trial Preparation Conference dates, and all other pretrial deadlines and settings, are hereby **VACATED**; and

(4) The Court will enter a separate Order resetting the Trial date, the Final Trial Preparation Conference and related deadlines, including motion deadlines.

Dated this 24th day of May, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge