IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.    21-CR-00137-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DUSTIN LEE LEEVER,

       Defendant.
_____

**SECOND UNOPPOSED MOTION FOR 90-DAY ENDS OF JUSTICE CONTINUANCE AND EXTENSION OF PRETRIAL MOTIONS DEADLINE**
_____

       DUSTIN LEEVER, through the Office of the Federal Public Defender, and undersigned counsel Assistant Federal Public Defender Jennifer Beck, hereby moves this Honorable Court for an Order excluding ninety (90) days from the speedy trial time limitations and vacating current deadlines, including the motions deadline (August 30, 2021), the Final Trial Preparation Conference (September 20, 2021), and the trial date (September 27, 2021).  Neither the government nor Mr. Leever oppose the present Motion.

**I.**    **Statement of relevant facts.**

       1.    On April 8, 2021, a criminal complaint was filed against Mr. Leever. Doc. No. 1.  He was arrested the next day. Doc. Nos. 2, 3.  At his detention hearing on April 14, 2021, Magistrate Judge Varholak ordered him detained. Doc. No. 10.  On April 20, 2021, Mr. Leever was charged by indictment with one count of Cyberstalking, in violation of Title 18 United States Code, Section 2261A(2) and Interstate Stalking, in violation of

Title 18, United States Code, Section 2261(A)(1). Doc. No. 14.  Then, on April 23, 2021, he appeared by videoteleconference for his arraignment and discovery conference. Doc. No. 17.  Shortly thereafter, trial was scheduled for June 28, 2021. Doc. No. 19.  In May, this Court granted Mr. Leever's request for a 90-day ends-of-justice continuance.  Trial was rescheduled to September 27, 2021. Doc. Nos. 21, 22.  Pretrial motions are due next Monday, August 30, 2021. Doc. No. 22.

2. Since undersigned counsel's last request for a continuance, counsel has been making progress on the tasks enumerated in the first request for a continuance. However, there are a number of discovery items that remain outstanding, including body-worn camera footage, audio recordings of the complaining witness and/or Mr. Leever, audio recordings of other witnesses and law enforcement, and a Cellebrite report and one terabyte of discovery from Mr. Leever's cellphone.  Undersigned counsel requested those items on June 23, 2021.  Assistant United States Attorney Celeste Rangel has assured undersigned counsel that those items will be disclosed as soon as possible but they remain outstanding.  Once that discovery is sent to undersigned counsel, counsel will need time to 1) carefully review the discovery, 2) evaluate, analyze, and research any potential suppression issues, 3) investigate potential defenses, 4) interview non-law enforcement witnesses, many of whom live out-of-state, 5) request potentially mitigating records, and 6) consult with the government about a possible resolution of the case short of trial.  These tasks cannot be completed by the current deadlines and trial date.

3. Undersigned counsel anticipates being able to accomplish all of the outstanding tasks within 90 days; therefore, Mr. Leever requests a 90-day ends of justice continuance and a continuance of the motions filing deadline.

2

    4.    Assistant U.S. Attorney Celeste Rangel does not oppose this request.

    5.    Mr. Leever also has no objection to the request.

## II. The ends of justice served by a 90-day continuance outweigh the interests in a speedy trial.

    1.    Mr. Leever moves for a 90-day continuance of the trial in this case, extension of the deadline to file motions, and exclusion of time pursuant to 18 U.S.C. § 3161(h)(7).

    2.    Under Subsection (h)(7) of the Speedy Trial Act, the Court is to exclude from computation "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether or not to make such a finding, the Court is to consider the following factors that are applicable in this case: (1) whether the failure to grant the continuance would "result in a miscarriage of justice," and (2) whether – considering the case as a whole – the failure to grant the continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B).

    3.    Additionally, the Tenth Circuit looks to a number of factors when reviewing an order on a motion for continuance, which provide direction to a trial court as to how to develop a sufficient record when reviewing a motion to continue.  These factors include:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance;

> [and] the need asserted for the continuance and the harm that [the defendant] might suffer as a result of the district court's denial of the continuance.

*United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009) ("[T]he record . . . must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time."); *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007) ("[T]he trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial." (Internal quotation marks and citation omitted)).

4. As described above, defense counsel has acted diligently since appearing in this case.

5. Undersigned counsel believes that the requested 90-day extension would serve the requested purpose and allow for the completion of the aforementioned tasks, as well as the necessary preparation for trial and/or negotiation with the government.

6. Undersigned counsel discussed the need for a continuance of the pretrial motions deadline and the trial with Assistant U.S. Attorney Celeste Rangel; she does not oppose the request. Nor does there appear to be any risk in this case as to further spoliation of evidence or other similar harm to the interests of the public, resulting from the requested 90-day continuance.

7. As discussed above, the 90-day continuance request is calculated to allow defense counsel enough time to complete discovery review, adequately investigate the case, research pretrial motions issues, and properly and effectively advise Mr. Leever

about the pros and cons of filing any motions, the benefits of a potential plea bargain, and the risks of going to trial.

8. If the requested continuance is denied, however, Mr. Leever will not be able to effectively litigate pretrial issues, present a defense at trial, or weigh the decision between a plea bargain and a trial. No amount of diligent work can insure effective assistance of counsel as contemplated by the current speedy trial timeframe.

WHEREFORE, DUSTIN LEEVER, by and through counsel, moves for a 90-day ends of justice continuance of trial and to extend the deadline for filing pretrial motions.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Celeste Rangel, Assistant United States Attorney
Email: celeste.rangel@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Dustin Leever (Via U.S. Mail)

s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant