IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00137-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  DUSTIN LEE LEEVER,

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Celeste Rangel, Assistant United States Attorney for the District of Colorado, and the defendant, Dustin Lee Leever, personally and by counsel, Jennifer Beck, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.  This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.   AGREEMENT

A. **Defendant's Plea of Guilty:**

The defendant agrees to

(1)    plead guilty to Count 2 of the Indictment charging Interstate Stalking, a violation of 18 U.S.C. Sections 2261(A)(1)(A)(i) and (1)(B), 2261(b)(5); and

(2)    waive certain appellate and collateral attack rights, as explained in detail below.

B. **Government's Obligations:**

Page 1 of 9

**Court Exhibit**

**1**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A). The government agrees to move to dismiss Count 1 of the Indictment with prejudice, against this defendant only.  Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

*[handwritten: The government agrees to request a sentence within the Court's finally calculated guideline range. (initialed)]*

### C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)　the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. §§ 2261(A)(1)(A)(i) and (1)(B), 2261(b)(5);

(2)　the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 19; or

(3)　the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence.  But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

    (1)    the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

    (2)    the defendant was deprived of the effective assistance of counsel; or

    (3)    the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied §

3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a)

grounds, failed to consider the facts allegedly establishing extraordinary and compelling

circumstances as part of its § 3553(a) analysis.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Interstate Stalking are as follows:

### Count 2:  18 U.S.C. §§ 2261(1)(A)(i) and (B)

*First*: The defendant traveled in interstate commerce;

*Second*: The defendant did so with the intent to kill, injure, harass, or intimidate

S.V.; and

*Third*: That in the course of or as a result of such travel, placed S.V. in

reasonable fear of death or serious bodily injury or caused, attempted to cause, or

would reasonably expected to cause substantial emotional distress to S.V.

## III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 2 of the Indictment is: not more

than 5 years' imprisonment; maximum term of supervised release 3 years; maximum

fine $250,000; $100 mandatory victim's fund assessment fee.

## IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the

rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part

of its sentencing methodology, compute the advisory guideline range for the offense of

conviction, consider relevant conduct, and consider the other factors set forth in 18

Page 4 of 9

U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the government would be able to prove the following facts at trial:

1.      The defendant and S.V. were involved in an intimate relationship that ended in June 2020. On August 7, 2020, S.V. went to a Denver Police Department substation and inquired about obtaining a protection order against the defendant because he had called her 185 times in the prior 24 hours. S.V. did not obtain a protection order when she was told she would have to testify against the defendant.

2.      S.V. moved out of Colorado in order to get away from the defendant. S.V. told the defendant that she moved to Kansas, where her father lived, but she had really moved to Texas. The defendant learned of the location of S.V. father's residence and drove there, threatening to kill anyone at the residence.

3.      The defendant ultimately learned the location of S.V.'s residence in Texas. On January 1, 2021, he called S.V.'s friend, who lived with S.V. The defendant told this friend of S.V.'s address and said he would come there and kill everyone at the residence.

4.      On February 12, 2021, the defendant's mother, sister, and friend separately

contacted Denver 911 requesting a welfare check on the defendant. They all reported that he was armed with a firearm, suicidal, and intoxicated. The defendant's mother and sister reported that the defendant told them he was going to Texas to kill S.V. and he drove there to do so. The defendant's car broke down in New Mexico and he was unable to travel to Texas. Law enforcement was unable to contact the defendant on February 12, 2021. Cell site location information confirms that the defendant traveled form Denver, Colorado to Glorieta, New Mexico on February 12, 2021.

5.     While on a video chat with his mother, the defendant showed her a firearm and the damage caused by a prior a discharge in his apartment. The defendant showed her the bullet hole and the bullet that had gone into his closet. The defendant was arrested on February 17, 2021 for charges alleging an assault on S.V. and while in the defendant's apartment, officers observed a small bullet fragment next to the defendant's closet. S.V. also reported that the defendant showed her a firearm while on a video chat with her; S.V. reported that the defendant showed her the firearm and told her he was going to drive to Texas and kill her.

6.     On February 15, 2021, the defendant again tried to drive to Texas in order to kill S.V., but one of the defendant's friends was able to convince the defendant to turn around. The defendant turned around in Trinidad and returned to Denver.

7.     When S.V. learned that the defendant was driving to Texas to kill her, she was in fear of her life and fled Texas in order to avoid being hurt or killed by the defendant.

8.     The parties stipulate that the above conduct occurred in the District of Colorado and New Mexico.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.  The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range.  To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a)   Under Section 2A6.2(a), the base offense level is **18**.

b)   The government believes there is a **+4**-level enhancement for possession, or threatened use, of a dangerous weapon and a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim.  § 2A6.2(b)(1)(D), (E).  The defendant disputes the applicability of this enhancement.

c)   The adjusted offense level is **22**, according to the government.

d)   Assuming the defendant does not engage in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing, the defendant has clearly demonstrated acceptance of responsibility and therefore should receive a **3**-level downward adjustment for timely acceptance of responsibility.  § 3E1.1.  The resulting total offense level is **19** according to the government or **15** according to the defendant.

e)     The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions.  The parties believe the defendant is in criminal history category I.

f)     The career offender/criminal livelihood/armed career criminal adjustments do not apply.

g)     The advisory guideline range resulting from these calculations is **30-37** months for a total offense level 19 and **18-24** months for a total offense level 15.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense levels estimated above could conceivably result in a range from 18 months (bottom of Category I for total offense level 15) to 60 months (top of Category VI for total offense level 19).  The guideline range would not exceed, in any case, the statutory maximum applicable to the count of conviction.

h)     Pursuant to guideline § 5E1.2, assuming the estimated offense levels above is correct, the fine range for this offense would be $ 7,500 to $ 100,000, plus applicable interest and penalties.

i)     Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term must not be more than 3 years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any *18 U.S.C.* § 3553 factor.

## VII.    ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or

assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: __2/28/22__

Dustin Lee Leever
Defendant

Date: __2/28/22__

Jennifer Beck
Attorney for Defendant

Date: __2/28/2022__

Celeste Rangel
Assistant U.S. Attorney